**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JOSEPH MOORE, derivatively on behalf of COASTAL FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. ADAMS, SADHANA AKELLA-MISHRA, RILLA DELORIER, JOEL EDWARDS, BRIAN HAMILTON, STEVEN D. HOVDE, STEPHAN KLEE, THOMAS D. LANE, MICHAEL PATTERSON, BRANDON SOTO, ERIC M. SPRINK, GREGORY A. TISDEL and PAMELA UNGER<br><br>Defendants,<br><br>and<br><br>COASTAL FINANCIAL CORPORATION.<br><br>Nominal Defendant. | CASE NO. 2:26-cv-03982<br><br>**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |



**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

Plaintiff Joseph Moore ("Plaintiff"), by and through his attorneys, hereby submits this Shareholder Derivative Complaint (the "Complaint") for the benefit of Nominal Defendant Coastal Financial Corporation ("Coastal") against certain current and former members of its Board of Directors (the "Board") and executive officers seeking to remedy Defendants' breaches of fiduciary duties and unjust enrichment from October 28, 2024 through the present (the "Relevant Period"). Plaintiff makes these allegations upon personal knowledge and the investigation of counsel, which included, among other things, review and analysis of: a) public filings made by Coastal and other related parties and non-parties with the Securities and Exchange Commission ("SEC"); b) press releases and other publications disseminated by certain of the Defendants and other non-parties; c) news articles, shareholder communications and postings on Coastal's website; d) publicly available filings in a related securities class action lawsuit captioned *Allegheny County Employees' Retirement System v. Coastal Financial Corp. et al.*, No. 2:26-cv-03746, in the U.S. District Court for the Western District of Washington (the "Securities Action"); and e) other publicly available information concerning Coastal and the Individual Defendants (defined below under "Parties.") Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. Coastal is a Washington state-chartered commercial bank which conducts business through three reportable segments: Coastal Community Bank ("CCB"), CCBX and Treasury & Administration ("T&A"). The CCB segment provides traditional banking products and services through full-service banking locations. The CCBX segment provides banking as a service ("BaaS") through which its financial service partners offer banking services to customers. The T&A segment includes investments, debt and other reporting items not specific to CCB or CCBX.

2. From October 2024 to July 2026, Coastal and certain Individual Defendants (defined below) made statements that were materially false and misleading and/or lacked a reasonable basis when made concerning (a) the Company's credit monitoring practices, including



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

its purportedly disciplined approach to growth focused on risk management and credit quality; and (b) credit protections CCBX had in place with its financial service partners including purported full indemnification against fraud and near full indemnification against credit risk.

3. In reality, the credit quality of a $500 million CCBX partner loan portfolio—nearly 23% of all CCBX loans—had materially deteriorated, exposing Coastal to significant losses notwithstanding the previously touted indemnification agreements and other credit protections purportedly in place.

4. The falsity of these statements was exposed on July 30, 2026, with the announcement of what its chief executive officer described as “significant and unusual items that warrant a direct explanation” from Defendants—disappointing earnings results including a surprise GAAP net loss of $42.1 million, a $68.8 million credit expense related to one of the Company’s main financial partners and a $22.8 million credit loss provision associated with the financial partner’s indemnification obligations.

5. When this news reached the market, the price of Coastal common stock immediately dropped nearly 43.5%, or $30.75 per share causing the Company to lose approximately $470 million in market capitalization.

6. As alleged below, the Individual Defendants endorsed or otherwise allowed Coastal to issue the false and/or misleading statements discussed herein in violation of their fiduciary duties. As a result, the Company has suffered significant financial and reputational damages.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367(a). This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

8. This Court has jurisdiction over each Defendant because they reside in this district



**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

or have sufficient minimum contacts with this district to render the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. The Court has personal jurisdiction over the Nominal Defendant because it is authorized to do business in this state, has consented to service in this state and its principal place of business is within this district.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because one or more of the Defendants either resides in or maintains offices in this district, a substantial portion of the transactions and wrongs complained of herein, including the Individual Defendants' primary participation in the wrongful acts detailed herein and violation of fiduciary duties owed to the Company occurred in this district, and Individual Defendants have received substantial compensation in this district by doing business here and engaging in numerous activities that had an effect in this district.

**PARTIES**

10. Plaintiff is a current Coastal shareholder and has continuously held its common stock since September 2024. Plaintiff is a citizen of Pennsylvania.

11. Nominal Defendant Coastal is a registered bank holding company incorporated and headquartered in Washington. Coastal's common stock trades on the NASDAQ Exchange under the ticker symbol "CCB."

12. Defendant Christopher D. Adams ("Adams") has served as the Company's Board Chairman since 2019. Upon information and belief, Adams is a resident of Washington.

13. Defendant Sadhana Akella-Mishra ("Akella-Mishra") has served as a Coastal director since 2019, and is a member of the Board's Audit Committee. Upon information and belief, Akella-Mishra is a resident of California.

14. Defendant Rilla Delorier ("Delorier") has served as a Company director since 2020, and is a member of the Board's Audit Committee and of its Compensation Committee. Upon information and belief, Delorier is a resident of Oregon.

15. Defendant Joel Edwards ("Edwards") served as Coastal's Chief Financial Officer



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

("CFO") from 2021 to 2025 and, since August 2026, has served as the Company's Interim CFO. Upon information and belief, Edwards is a resident of Washington.

16. Defendant Steven D. Hovde ("Hovde") has served as a Coastal director since 2011 and is a member of the Board's Compensation Committee and of its Governance & Nominating Committee. Upon information and belief, Hovde is a resident of Illinois.

17. Defendant Stephan Klee ("Klee") has served as a Company director since 2018, and is a member of the Board's Audit Committee and Chairman of its Compensation Committee. Upon information and belief, Klee is a resident of Florida.

18. Defendant Thomas D. Lane ("Lane") has served as a Coastal director since 1997 and is a member of the Board's Audit Committee and Compensation Committee and is Chairman of its Governance & Nominating Committee. Upon information and belief, Lane is a resident of Washington.

19. Defendant Michael Patterson ("Patterson") has served as a Company director since 2021 and is Chairman of the Board's Audit Committee. Upon information and belief, Patterson is a resident of New York.

20. Defendant Brandon Soto ("Soto") served as Coastal's Executive Vice President and CFO from October 2025 to August 2026. Upon information and belief, Soto is a resident of Utah.

21. Defendant Eric M. Sprink ("Sprink") has served as the Company's Chief Executive Officer ("CEO") since 2010 and a director since 2006. Upon information and belief, Sprink is a resident of Washington.

22. Defendant Gregory A. Tisdel ("Tisdel") has served as a Coastal director since 2002 and is a member of the Board's Audit Committee and of its Compensation Committee. Upon information and belief, Tisdel is a resident of Washington.

23. Defendant Pamela Unger ("Unger") has served as a Company director since 2021 and is a member of the Board's Audit Committee. Upon information and belief, Unger is a resident of Washington.



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

24. Defendants Adams, Akella-Mishra, Delorier, Hamilton, Hovde, Klee, Lane, Patterson, Sprink, Tisdel and Unger are referred to herein as the "Individual Defendants."

25. Defendants Adams, Akella-Mishra, Delorier, Hamilton, Hovde, Klee, Lane, Sprink, Patterson Tisdel and Unger are referred to herein as the "Director Defendants."

26. Defendants Delorier, Klee, Lane, Patterson, Tisdel and Unger are referred to herein as the "Audit Committee Defendants."

## INDIVIDUAL DEFENDANTS' DUTIES

27. By reason of their positions as officers, directors, and/or fiduciaries of Coastal, and because of their ability to control the business and corporate affairs of the Company, Individual Defendants owed Coastal and its shareholders fiduciary obligations of good faith, loyalty, and candor, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest and equitable manner.

28. Further, Individual Defendants were and are required to act in furtherance of the best interests of Coastal and its shareholders so as to benefit all shareholders equally, and not in furtherance of their personal interest and benefit. Each director and officer of the Company owes to Coastal and its shareholders the fiduciary duty to exercise good faith and due diligence in the administration of the Company's affairs, and in the use and preservation of its property and assets, as well as the highest obligation of fair dealing.

29. Because of their positions of control and authority as directors and/or officers of Coastal, having knowledge of material non-public information regarding the Company, the Individual Defendants were able to, and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein. To discharge their duties, the Individual Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties the Individual Defendants were required to, among other things:



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

a. Exercise good faith to ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business;

b. Exercise good faith to ensure that the Company was operated in a diligent, honest and prudent manner, and complied with all applicable federal and state laws, rules, regulations and requirements, and all contractual obligations, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the investing public; and

c. When put on notice of problems with the Company's business practices and operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence.

30. Additionally, Coastal's Code of Ethics and Business Conduct states, in relevant part:

> The policies in this Code of Ethics and Business Conduct ("Code of Conduct") apply to all employees, officers and directors and set forth business ethics guidelines that specify the ethical and legal conduct expected of such individuals in a variety of identified business situations. . .
>
> * * *
>
> The successful business operation and reputation of Coastal Corporation, Coastal Community Bank and its affiliates (collectively, "CCB") is built upon the principles of fair dealing and ethical conduct of our officers, directors and employees. Our reputation for integrity and excellence requires careful observance of the spirit and letter of all applicable laws and regulations, as well as a scrupulous regard for the highest standards of ethics, conduct and personal integrity. The continued success of CCB is dependent upon our customers' trust and we are dedicated to preserving that trust. Employees owe a duty to CCB, its customers, and shareholders to act in a way that will merit the continued trust and confidence of the public.
>
> CCB will comply with all applicable laws and regulations and expects its directors, officers, and employees to conduct business in accordance with the letter, spirit, and intent of all relevant laws and to refrain from any illegal, dishonest, or unethical conduct.
>
> In general, the use of good judgment, based on high ethical principles, will guide you with respect to lines of acceptable conduct. If a situation arises where it is difficult to determine the proper course of action, you should discuss the matter



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

> openly with your immediate supervisor and, if necessary, bring the matter to the Chief Executive Officer (CEO) for advice and consultation.
>
> * * *
>
> CCB expects its officers, directors and employees to maintain the highest standards of integrity and ethical values. CCB presents its organization honestly to its officers, directors and employees, and in turn, expects officers, directors and employees to be honest in their dealings with CCB, its customers and fellow officers, directors and employees. We expect people to be honest in their handling of money, merchandise and property with which they are entrusted. Officers, directors and employees are also expected to be honest with respect to the time, effort and complete performance of their jobs as well as when dealing with others. In particular, officers, directors and employees are expected to respond honestly and candidly when dealing with CCB's independent and internal auditors, regulators and attorneys.

31. Moreover, the majority of the Director Defendants had, at all relevant times, additional duties to the Company's shareholders by virtue of their memberships on Board committees. Coastal's Audit Committee Charter, for example, states:

> The purpose of the Board's Audit Committee (the "Committee") is to assist the Board in discharging its duties related to the integrity of the financial statements and internal controls; accounting and financial reporting process; financial statement audits, compliance with legal and regulatory requirements; the qualification, independence and performance of the public accounting firm; and the performance of the internal audit department.
>
> To fulfill its responsibilities and duties, the Committee shall:
>
> *Financial Reporting - External Audit/Internal controls:*
>
> * * *
>
> 6. Review the institution's annual and quarterly financial statements prior to their public release, including any report on the institution's internal control over financial reporting and any report or opinion by the independent auditors, and consider whether such statements, reports and opinions are complete, consistent with information known to the Committee and reflective of appropriate accounting principles;
>
> 7. Review and recommend for the approval of the Board the audited financial statements for inclusion in the Company's Annual Report on Form 10-K;



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

8. Review and approve the institution's quarterly earnings release and the financial statements in the Company's Quarterly Report on Form 10-Q;

9. Discuss with management and the independent auditor any significant financial reporting issues and judgments made in connection with the preparation of the financial statements including any significant changes in the selection or application of accounting principles, implementation of new accounting standards under Generally Accepted Accounting Principles ("GAAP"), usage of any non-GAAP measures, any major issues as to the adequacy of internal controls, including internal control over financial reporting, and any special steps adopted in light of material control deficiencies;

* * *

11. Authorize, review and approve the report of the Committee required by SEC regulations to be included in the Company's annual proxy statement.

*Internal Audit/ Internal Controls:*

1. Oversee internal audit activities, including discussing with management and the internal auditors the internal audit function within the organization and its independence, objectivity, responsibilities, plans, results, budget, and staffing;

* * *

4. Review the annual risk assessment, audit plan, execution of audit plan, achievement of audit plan, operational audit report, compliance audit report, and other significant reports prepared by the Company's internal audit department and management's responses to those reports;

* * *

*Compliance:*

1. Oversee the Company's compliance program and its record of compliance with applicable laws and regulations;

2. Annually review and approve the Company's compliance program to ensure that it has effective controls over internal and external regulatory risks;

3. Review reports from the Company's compliance personnel with respect to the status and effectiveness of the Company's compliance program and monitor remediation of open issues; and



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

4. Discuss with management the Company's compliance department's responsibilities, staffing plans to ensure that the Company's compliance program has adequate resources.

*Other:*

1. Discuss with management, the internal auditors, and the independent auditor the quality and adequacy of compliance with internal controls;

2. Discuss with management or legal counsel any legal matters or pending litigation that may have material impact on the Company's financial statements or result in inquiries from regulatory or government agencies;

3. Review alleged fraudulent actions or violations of law reported by internal staff or by the independent auditor . . .

## SUBSTANTIVE ALLEGATIONS

### *A. Background*

32. According to its SEC filings, Coastal is a Washington state chartered commercial bank and Federal Reserve System member bank which incorporated and commenced operations in 1997. The Company conducts business through three reportable segments: CCB, CCBX and T&A. The CCB segment provides banking products and services to consumers and small to medium sized area businesses through fourteen full-service banking locations. The CCBX segment provides BaaS through which Coastal's approximately 30 digital financial service partners offer banking services to customers. The T&A segment includes investments, debt and other reporting items not specific to CCB or CCBX. At June 30, 2026, the Company had total assets of $4.74 billion.

### *B. Defendants' False and Misleading Statements*

33. On October 28, 2024 Coastal issued a press release announcing its results of operations and financial condition for the fiscal quarter ended September 30, 2024 ("10/28/24 Release"), which stated the following:



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

> Products launched in 2024 with existing partners have gained traction and are growing the balance sheet and increasing income. ***The pipeline for CCBX is active, although we expect to remain selective in adding new partners to manage risk and capital***.

34. Also in the 10/28/24 Release, Defendant Sprink represented, among other things, that:

> As we look ahead to the fourth quarter and 2025, ***we remain laser focused on building out our technology and risk management infrastructure to more efficiently support our next phase of growth within CCBX***. While the balance sheet re-mix earlier this year resulted in a short-term reduction to income, ***we continue to make strategic decisions which are enhancing credit quality,*** generating passive fee income, strengthening our talent and ***growing relationships with established and prospective CCBX partners all of which are expected to position Coastal to be more profitable in 2025***.

35. On January 28, 2025, Coastal issued a press release announcing its results of operations and financial condition for the fiscal quarter ended December 31, 2024, in which Defendant Sprink represented that ***"our CCBX program fee income continued to increase, which was up 56.9% for full-year 2024 relative to the prior year"*** and that "[a]s we look forward to 2025, ***our strategy involves selectively expanding our current base of CCBX partners while continuing to invest in and enhance our technology and risk management infrastructure.***"

36. On April 29, 2025, Coastal issued a press release announcing its results of operations and financial condition for the fiscal quarter ended March 31, 2025, in which the Company represented that "***Positive Growth Trends within CCBX Continue***," and that Coastal "remain[ed] ***fully indemnified against fraud and 98.8% indemnified against credit risk with our CCBX partners*** as of March 31, 2025."

37. On April 29, 2025, Coastal made available on its website presentation slides that the Company would soon use during an upcoming investor meeting which represented that "***29% of our staff are risk personnel***: Risk Management, Compliance, BSA, Internal Audit, CCBX Risk & Compliance" and that it "***[s]ignificantly increased our risk personnel*** as we have grown



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

CCBX." Coastal substantially repeated these statements in presentation slides made available to investors on July 29, 2025 and reported that the Company increased its risk personnel headcount to 1/3 of all employees.

38. On August 13, 2025, Coastal issued a press release announcing that it had appointed four new executives "to support the Company's continued growth . . .". Specifically (in relevant part):

> Coastal . . . and its subsidiary, Coastal Community Bank (the "Bank"), today announced the appointment of four new members to its executive leadership team to support the ***Company's continued growth across its digital banking and community-focused initiatives***.
>
> Ryan Hall has joined as Chief Product Officer, Michael Costigan has been appointed Chief Commercial Officer, Freddy Rivas has joined as Chief Credit Officer and Chris Morgan has been named Chief Information Security Officer. Each executive brings ***deep industry experience and a strong track record of leadership in financial services, technology, and risk management***.
>
> 'Ryan, Michael, Freddy, and Chris each bring a distinct set of skills that will help us expand our product offerings, deepen relationships, ***manage risk, and safeguard the infrastructure across the bank and our embedded finance offerings***,' said Brian Hamilton, the Company's President of CCBX. 'We are excited to welcome them to the Coastal team!'

39. On September 22, 2025, Coastal issued a press release announcing that it had named Defendant Soto as its new CFO stating, in relevant part:

> Mr. Soto's appointment as CFO marks a new chapter for Coastal, ***reaffirming its dedication to operating excellence, strong regulatory stewardship, and the continued scaling of both its fintech and community banking divisions***. With more than two decades of experience spanning major financial institutions and fintech brands, Mr. Soto brings a wealth of industry expertise and strategic foresight. . .

40. On October 29, 2025, Coastal issued a press release announcing its results of operations and financial condition for the fiscal quarter ended September 30, 2025 in which the



**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

Company reported "[t]otal ***BaaS program fee income was $7.6 million***, for the three months ended September 30, 2025, ***an increase of $764,000, or 11.3%***, from the three months ended June 30, 2025 . . ." and Defendant Sprink represented that "our ***CCBX program fee income continues its upward trajectory. We remain confident in our ability to*** manage expenses and ***maintain credit quality***, even in a changing economic and interest rate environment."

41. On April 29, 2026, Coastal issued a press release announcing its results of operations and financial condition for the fiscal quarter ended March 31, 2026 in which the Company stated, in relevant part, that "[w]e continue to have contracts with our partners that fully indemnify us against fraud and 98.8% against credit risk on CCBX loan partner balances . . . In the same press release, Defendant Sprink represented that "[w]e expect growth to continue as current programs scale, new products are introduced, and we leverage our experience in the BaaS space to support disciplined, sustainable expansion" and that:

> W***e continued to see strength in our CCBX segment in the first quarter, driven by the performance of our existing partners***, new products and the addition of new relationships. W***e've been intentional about how we grow, and that includes focusing on credit quality as portfolios mature and ensuring we're operating in a safe and sound manner*** as expectations around bank–fintech partnerships continue to evolve. . .

42. The statements set forth above misrepresented (a) the Company's credit monitoring practices, including its purportedly disciplined approach to growth focused on risk management and credit quality; and (b) credit protections CCBX had in place with its financial service partners including purported full indemnification against fraud and near full indemnification against credit risk, and thus were materially false and misleading and/or lacked a reasonable basis when made.

### ***D. The Truth is Revealed to Investors***

43. On July 30, 2026, Coastal issued a press release announcing its results of operations and financial condition for the fiscal quarter ended June 30, 2026 which included a GAAP net loss of $42.1 million that was driven primarily by a $68.8 million credit expense related to a single



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

CCBX partner relationship.

44. In the same July 30 press release, the Company announced that it would host its first-ever earnings call later that morning ("7/30/26 Earnings Call"), during which Defendant Sprink stated, in relevant part:

> As our company has grown, we believe it is important to provide investors and the broader community with more direct access to management and greater context around our financial performance, go-forward strategy, and key developments across both CCBX and Coastal Community Bank. ***We also recognize that this quarter includes significant and unusual items that warrant a direct explanation***. We're here to walk through those, detail the nuances, and answer your questions.
>
> * * *
>
> This morning, we reported a ***GAAP net loss of $42.1 million, or a loss of $2.76 per diluted share for the second quarter. That result was driven almost entirely by $68.8 million in pre-tax accounting adjustments associated with a defined CCBX portfolio company and its consumer loan portfolio***.
>
> ***The $68.8 million consists of a $46.0 million valuation adjustment to the related credit enhancement asset and a separate $22.8 million provision for credit losses related to the partner's indemnification agreement***. We also recorded $4.4 million of capitalized software amortization due to shortened useful lives associated with technology modernization.

45. When this news reached the market, the price of Coastal common stock dropped nearly 43.5%, closing at $30.75 per share on July 30, 2026.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

46. Plaintiff brings this action derivatively in the right and for the benefit of Coastal to redress Individual Defendants' breaches of fiduciary duty and other violations of law.

47. Plaintiff will adequately and fairly represent the interests of Coastal and its shareholders in enforcing and prosecuting its rights.

48. The Board currently consists of the following eleven directors: Defendants Adams, Akella-Mishra, Delorier, Hamilton, Hovde, Klee, Lane, Sprink, Patterson Tisdel and Unger.

49. Plaintiff has not made any demand on the present Board to institute this action



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

because such a demand would be a futile, wasteful and useless act, for the following reasons.

50. The Individual Defendants face a substantial likelihood of liability for, among other things, approving or otherwise not preventing Coastal's issuance of its financial and related statements that, among other things, materially misrepresented the Company's credit monitoring practices, including its purportedly disciplined approach to growth focused on risk management and credit quality; and credit protections CCBX had in place with its financial service partners including purported full indemnification against fraud and near full indemnification against credit risk.

51. During various times of the Relevant Period, pursuant to the Company's Audit Committee Charter, the Audit Committee Defendants were and are responsible for, among other things, reviewing the Company's annual and quarterly financial reports and reviewing the integrity of the Company's internal controls. The Audit Committee Defendants breached their fiduciary duties of due care, loyalty, and good faith, because the Audit Committee, *inter alia*, allowed or permitted the Company to disseminate false and misleading statements in the Company's SEC filings and other disclosures and failed to recognize or correct Coastal's internal control failures. Therefore, the Audit Committee Defendants each face a substantial likelihood of liability for their breach of fiduciary duties and any demand upon them is futile.

52. Moreover, the Audit Committee Defendants failed to maintain the level of oversight required, including that the requirements that the Audit Committee discuss with management and review with the Board, the legal and regulatory requirements applicable to the Company and its subsidiaries and the Company's compliance with such requirements and as appropriate, make recommendations to the Board with respect to the Company's policies and procedures regarding compliance with applicable laws and regulations.

53. The principal professional occupation of Defendant Sprink is his employment with Coastal, pursuant to which he has received, and continues to receive, substantial monetary compensation and other benefits.



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

54. Defendant Sprink enriched himself by selling $12 million of Coastal common stock while in possession of the material, adverse, non-public information discussed herein.

**COUNT I**

**Against Individual Defendants for Breach of Fiduciary Duties**

55. Plaintiff incorporates by reference and realleges each allegation contained above, as though fully set forth herein.

56. As alleged in detail herein, each of the Individual Defendants violated and breached their fiduciary duties of loyalty and good faith by causing or allowing the Company to disseminate to Coastal shareholders materially misleading and inaccurate information through, *inter alia*, SEC filings, press releases, conference calls and other public statements and disclosures as detailed herein. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

57. Also as alleged in detail herein, each of the Individual Defendants had a fiduciary duty to, among other things, exercise good faith to ensure that the Company's financial statements were prepared in accordance with GAAP, and, when put on notice of problems with the Company's business practices and operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence.

58. Individual Defendants, most notably those serving on the Board's Audit Committee, willfully ignored the known and pervasive problems with Coastal's internal controls and practices and procedures and failed to make a good faith effort to correct these problems or prevent their recurrence.

59. As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has suffered significant damages. Thus, as a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.



BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

**COUNT II**

**Against Individual Defendants for Unjust Enrichment**

60. Plaintiff incorporates by reference and realleges each allegation contained above, as though fully set forth herein.

61. By their wrongful acts and omissions, Individual Defendants were unjustly enriched at the expense of and to the detriment of Coastal.

62. Plaintiff, as a shareholder and representative of Coastal, seeks restitution from Individual Defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by Individual Defendants, and each of them, as a result of their wrongful conduct and fiduciary breaches.

**PRAYER FOR RELIEF**

63. WHEREFORE, Plaintiff demands judgment as follows:

a. Declaring that Plaintiff may maintain this derivative action on behalf of Coastal and that Plaintiff is a proper and adequate representative of the Company;

b. Against Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of Individual Defendants' breaches of fiduciary duties;

c. Directing Coastal to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable law and to protect the Company and its shareholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for shareholder vote resolutions for amendments to the Company's by-laws or articles of incorporation and taking such other action as may be necessary to place before shareholders for a vote a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board;



**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

d. Awarding to Coastal restitution from Individual Defendants, and each of them, and ordering disgorgement of all profits, benefits and other compensation obtained by Individual Defendants;

e. Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs and expenses; and

f. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

64. Plaintiff demands a trial by jury.

DATED this 19th day of October, 2026.

BADGLEY MULLINS TURNER PLLC

*s/ Duncan C. Turner*
DUNCAN C. TURNER, WSBA No. 20597
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
Telephone: (206) 621-6566
Email: duncanturner@badgleymullins.com

*Liaison Counsel for Plaintiff*

THE WEISER LAW FIRM, P.C.
JAMES M. FICARO
200 Barr Harbor Dr., Suite 400
West Conshohocken, PA 19428
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062
Email: jmf@weiserlawfirm.com

*Counsel for Plaintiff*